UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: _____

| | |
|---|---|
| ALEXANDER FERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SUPERIOR SCAFFOLDING & INSULATION INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff ALEXANDER FERNANDEZ ("Plaintiff") sues the Defendant SUPERIOR SCAFFOLDING & INSULATION INC. (the "Defendant"), and alleges:

## JURISDICTION

1. This is an action to recover money damages for retaliatory discharge under the laws of the United States. This is also an action for damages pursuant to Florida Statutes, Section 448.102.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the



www.saenzanderson.com

1

parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## VENUE

3. Plaintiff is a resides within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendant has its principal place of business and resides in MIDDLEBURG, Florida, within the Court's jurisdiction. At all times relevant, Defendant is a foreign company, but legally authorized to do business in Florida. Defendant, at all times relevant, was and in engaged in interstate commerce.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. At all times material, Plaintiff was an employee of the Defendant. Defendant employed Plaintiff as a construction worker from approximately March 28, 2022, until his wrongful termination on or about April 30, 2022.

7. On or about April 29, 2022, Plaintiff and two other co-workers complained to the Defendant about unpaid minimum and overtime wages. Specifically, Plaintiff and two other co-workers went to the Defendant's office at their job site and demanded that they be paid for minimum and overtime wages that were not paid in their last check.

8. Defendant abruptly responded that the problem was going to be resolved.

9. On or about April 30, 2022, Defendant fired Plaintiff and his two co-workers allegedly because they had not timely finished a construction project they started.



www.saenzanderson.com

## COUNT I:
## 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE

10. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 9 above as if set out in full herein.

11. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . ."

12. Plaintiff complained about his unpaid wages to the Defendant.

13. On or about April 20, 2022, Defendant terminated Plaintiff's employment.

14. The motivating factor, which caused Plaintiff's discharge as described above, was his complaint seeking the payment of overtime and minimum wages from the Defendant. In other words, Plaintiff would not have been fired but for his complaint about unpaid wages.

15. The Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).



www.saenzanderson.com

3

## **JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: July 7, 2022.

Respectfully submitted,

By: /s/ Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com


SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

4